UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| JESUS E. CORDOVA,<br>Plaintiff | § § § | |
| VS.<br>MICHAEL J. REED AND<br>PROTECTED CARGO TRANSPORT,<br>LLC.,<br>Defendants. | § § § § § § | C.A. NO.  2:20-cv-24<br><br>Removed from the 293rd District Court of<br>Maverick County, Texas |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendants, Michael J. Reed and Protected Cargo Transport, LLC, file this Notice of Removal and say:

### I.
### PROCEDURAL BACKGROUND

1. This Court has diversity jurisdiction over this cause. Plaintiff filed this action in state district court, styled Cause No. 20-02-38480-MCV; *Jesus E. Cordova vs. Michael J. Reed and Protected Cargo Transport, LLC* in the 235th District Court of Maverick County, Texas. Protected Cargo Transport, LLC received copies of the original petition ("Complaint") and citation on March 2, 2020 through certified mail.[1] Defendant Reed received copies of the original petition ("Complaint") and citation on March 9, 2020.[2] This case is timely removed under 28 U.S.C. § 1446(b). A copy of the Complaint is attached and incorporated by reference

---

[1] Exhibit A, Affidavit of Charles Reich with attachment of service documents served on Protected Cargo Transport, LLC including Plaintiff's Original Petition as Ex. 1.
[2] Exhibit B, Service documents served on Michael Reed including Plaintiff's Original Petition. The USPS tracking number is listed on the bottom of the letter from the Texas Department of Transportation, which is the same number indicated in the tracking confirmation.

for the sole purpose of showing the basis for federal jurisdiction as Exhibit 1 to Exhibit A. This case is timely removed under 28 U.S.C. § 1446(b).

2. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

3. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit E.

4. Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

5. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this notice will be filed with District Clerk of Maverick County, Texas, promptly after Defendants file this Notice.

## II.
## NATURE OF SUIT

6. Plaintiff's Original Petition in state court action alleges that Plaintiff Jesus E. Cordova was involved in a vehicular accident with a Defendant Michael Reed, while Defendant Reed was in the course and scope of his employment with Defendant Protected Cargo Transport, LLC.[3] Plaintiff alleges that Defendant Reed's inattention to the roadway caused a chain reaction collision with Plaintiff causing injuries.[4] Both Plaintiff and Defendant Reed were operating tractor trailers at the time of the accident.[5] Plaintiff claims substantial and ongoing injuries to multiple parts of his body, for which he seeks a variety of elements of compensatory damages, including past and future physical pain and mental anguish *"for a long time in the future, if not for the remainder of his natural life,"* past and future medical expenses, physical impairment in

---

[3] Exhibit A, attachment 1, *Plaintiff's Original Petition* ¶ 5.
[4] *Id.*
[5] *Id.*

the past and in the future, loss of household choirs and/or services, loss of wages and loss of wage-earning capacity.[6]

### III.
### TIMING OF REMOVAL

7. Defendant Reed received a copy of Plaintiff's Petition on March 7, 2020, after the Texas Transportation Commission was served on February 27, 2020, and forwarded the petition to him.[7] The time for removal runs from receipt by the named defendant after transmission from the statutory agent.[8] Defendant Protected Cargo Transport, L.L.C. received a copy of Plaintiff's Petition on March 2, 2020 through certified mail.[9] Moreover, this removal is filed within 30 days of when the Maverick County Clerk of Court issued service of process to each Defendant on February 25, 2020,[10] meaning that there is no possibility that either Defendant could have been served with Plaintiff's petition through process by any means prior to February 25, 2020; consequently, there is no question that this removal is timely filed. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days of the receipt of Plaintiff's Petition by either Defendant (much less the last served Defendant). Section 1446(b)(2)(A) provides that when a removal is based on diversity of citizenship, "all defendants who have been properly joined and served must join in or consent to the removal of the action." All Defendants consent to this removal as indicated by the signature of their counsel below.

---

[6] *Id.* at ¶ 7.0-7.4 (emphasis added).
[7] Exhibit B.
[8] *Barrackman v. Banister*, No. H-06-3622, 2007 U.S. Dist. LEXIS 4310 at *6-7 (S.D. Tex. Jan. 22, 2007).
[9] Exhibit A and A-1.
[10] *See* Exhibits A-1, B, and Docket Sheet Ex. E-5 and Service Documents Ex. E-2 and Ex. E-3.

## IV.
## COMPLETE DIVERSITY OF CITIZENSHIP

8.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332. The case may be removed to this Court under 28 U.S.C. § 1441. Plaintiff is a citizen of Texas, as shown in the Original Petition. Neither Defendant is/was a Texas citizen at the time of filing of the suit in state Court and at the time of removal.

9.      Protected Cargo is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business in Woodworth, Louisiana.[11] The citizenship of a limited liability company ("LLC") for diversity purposes is determined by the citizenship of each of its members, rather than by the state under whose laws the LLC is organized or where it has its principal place of business.[12] Protected Cargo has two members; Charles Reich and Ray Reich II.[13] Both Charles Reich and Ray Reich are citizens of Louisiana as they were domiciled in Louisiana before and since September 10, 2018.[14] The other defendant, Michael Reed, is an individual. Defendant Reed is a citizen of Louisiana as he was domiciled in Louisiana before and since September 10, 2018.[15] Consequently, neither Defendant is/was a Texas citizen at the time of filing of the suit in state Court and at the time of removal. There is complete diversity of citizenship of the parties and this Court would have original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).

---

[11] Exhibit A, Affidavit of Charles Reich.
[12] *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079-80 (5th Cir. 2008).
[13] Exhibit A, Affidavit of Charles Reich.
[14] *Id.*
[15] Exhibit C, Affidavit of Michael Reed.

# V.
## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Diversity jurisdiction exists only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332 (a). Although the amount in controversy is not specified in Plaintiff's Original Petition, it is clear that the actual amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.  Facially Apparent That Plaintiff's Claims Likely Exceed $75,000

11. When a case originally filed in state court is removed on the basis of diversity, as here, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[16] A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00.[17] If it is not apparent from the face of the complaint that the amount-in-controversy requirement is met, the court may rely on "summary judgment-type evidence" to ascertain the amount in controversy.[18]

12. If the removing defendant shows that the amount in controversy exceeds $75,000.00, the plaintiff, must show with legal certainty that he will not be able to recover more than $75,000.[19] A plaintiff may attempt to establish "legal certainty" by filing a "binding stipulation or affidavit" with his state-court petition affirmatively stating that he seeks less than the jurisdictional amount and that he will decline any award that exceeds the jurisdictional

---

[16] *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 869 (5th Cir. 2002).
[17] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[18] *Id.*
[19] *See Manuno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).

amount.[20] Plaintiff has not filed a binding stipulation or affidavit with his state-court petition stating that he seeks less than the jurisdictional amount and he will decline any award that exceeds the jurisdictional amount. As explained below, this is likely because Plaintiff has already forwarded medical and billing records to Defendant's insurer establishing that the amount in controversy is well in excess of $75,000.

13. It is "facially apparent" from the plaintiff's pleading that that the amount in controversy likely exceeds $75,000. *See Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999). *Luckett* involved a plaintiff alleging that Delta Airlines lost her luggage that contained her heart medication, leading to "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization." *Id.* The 5th Circuit held that these allegations were sufficient to allow the district court to find that plaintiff's claims likely exceeded $75,000. *Id.* Here Plaintiff claims substantial and ongoing injuries as a result of an accident involving two tractor-trailers for which he seeks a variety of elements of compensatory damages, including past and future physical pain and mental anguish "for a long time into the future, *if not for the balance of his natural life*," past and future medical expenses, physical impairment in the past and in the future, loss of household choirs and/or services, loss of wages and loss of wage-earning capacity.[21] Plaintiff further asserted that he suffered losses and damages in a sum that far exceed the minimum jurisdictional limits of this court . . . ."[22] Thus, given the nature of Plaintiff's claims and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

---

[20] *See DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1411-12 (5th Cir.1995).
[21] Exhibit A-1, *Plaintiff's Petition,* ¶¶ 7.0-7.4.
[22] Exhibit A-1, *Plaintiff's Petition,* ¶ 8.1.

### B. Plaintiff's Original Petition Does Not Determine the Amount In Controversy

14. Additionally, Plaintiff's allegation in his Original Petition that he is seeking damages in an amount "not to exceed $74,999.00," the jurisdiction amount for federal court jurisdiction, does not mean that $75,000 is the amount of controversy in this suit, as Plaintiff could claim a much higher amount in the future,[23] it would not be legally impossible for him to obtain a recovery of at least $75,000 based on his alleged damages, and Plaintiff failed to file an affidavit with his petition.[24]

15. In this case, Plaintiff has alleged that he is seeking damages in an amount not exceeding $74,999.00, in violation of TRCP 47(b). The amount in controversy stated in the complaint does not control the Court's analysis when the amount pleaded is forbidden by a state rule or law, and here, Plaintiff's attempt to plead damages of no more than $75,000 is proscribed by the plain language of Rule 47.[25] Fifth Circuit precedent precludes this Court from attaching weight to the ostensible damage limitation in Plaintiff's state-court petition.[26]

### C. Plaintiff Has Not Stipulated to Damages Less Than $75,000

16. Federal courts have considered a plaintiff's reluctance to stipulate to damages less than $75,000.00 as a factor in determining whether remand is appropriate.[27] Plaintiff's refusal to

---

[23] See *DeAguilar v. Boeing Co.*, 47 F.3d at 1412 (5th Cir.1995).
[24] See *id.* (litigants who wish to prevent removal by showing a legal certainty may file a binding stipulation or an affidavit with their petition).
[25] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Espinoza v. Allstate Texas Lloyd's*, 222 F.Supp.3d 529, 535-36 (W.D. 2016) (finding that a "damages-limiting statement in state court petition" that contravenes Rule 47 "does not control the Court's analysis").
[26] *Monzon v. Lowe's Cos.*, No. EP-16-CV-00482-KC, 2017 U.S. Dist. LEXIS 223793 at *18 (W.D. Tex. May 26, 2017) citing *De Aguilar*, 47 F.3d at 1408-10.
[27] See *Rawlings v. Travelers Property Cas. Ins. Co.*, Civil Action No. 3:07-CV-1608-O, 2008 WL 2115606, at *25 (N.D. Tex. May 20, 2008); *Johnson v. Dillard Dept. Stores*, 836 F. Supp. 390, 394-95 (N.D. Tex. 1993); *see also Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993).

stipulate provides further evidence that it is more probable than not the amount in controversy in this case exceeds $75,000.[28]

17. The Fifth Circuit in *DeAguilar* made clear that "the plaintiff's pleading will not control if made in bad faith."[29] Plaintiffs are not permitted to manipulate their pleadings to evade federal jurisdiction when they know their claims are worth more.[30] The Fifth Circuit has recognized that there exists:

> The potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading. Such manipulation is surely characterized as bad faith.[31]

18. Further, as established below, Plaintiff, himself, produced evidence that the amount in controversy exceeds $75,000 prior to removal, which is referenced and cited below.

**D. Defendants Have Provided Evidence That the Amount in Controversy Exceeds $75,000**

19. Should the Court question that the amount in controversy is not apparent from the face of the complaint, the Court must turn to "summary-judgment type evidence to assess the amount in controversy."[32] Plaintiff previously forwarded a settlement demand to the insurer of Defendants.[33] As identified in the demand, Defendants are identified as "The Insured." According to the courts of the 5th Circuit, the amount of a settlement offer is "valuable evidence

---

[28] *Ray v. State Farm Lloyds,* Civ. Action No. 3:98-CV-1288-G, 1999 WL 151667 at *7 (N.D. Tex. March 10, 1999, no writ).
[29] *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1410 (5th Cir. 1995).
[30] *Corley v. Southwestern Bell Telephone Co.,* 924 F.Supp. 782, 787 (E.D. Tex. 1996).
[31] *DeAguilar,* 47 F.3d at 1410.
[32] *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).
[33] Exhibit D, pp.1-3.

to indicate the amount in controversy at the time of removal."[34]  In summary, in the demand, Plaintiff's counsel has asserted that the accident at issue has caused Plaintiff spinal injury and has resulted in the need for various evaluations, diagnostic tests, physical therapy and spinal surgery.[35]  Included in the demand were medical records indicating and establishing that Plaintiff has already received surgery to his neck and back.[36]  Courts in the Fifth Circuit have concluded that an indication of back surgery or even a recommendation for back surgery is sufficient to ascertain that the amount in controversy is in excess of $75,000.[37]  Consequently, based on the spinal surgery recommendations alone (aside from the actual surgeries performed on Plaintiff), Defendants have provided sufficient evidence to ascertain that the amount in controversy is in excess of $75,000.  However, there is additional evidence to further bolster Defendant's position in this matter.

20.     Through the demand, Plaintiff's counsel has asserted that "as a result of the collision, [Plaintiff] sustained injuries and damages as described [within his demand]."[38]  Further, according to counsel for Plaintiff, "[a]s a result of [Defendants'] negligence, [Plaintiff] has incurred **$154,801.28** in past reasonable and necessary medical expenses for the proper

---

[34] *Fairchild v. State Farm Mutual Automobile Ins. Co.,* 907 F. Supp. 969, 971 (M.D.La 1995) (*citing Wilson v. Belin,* 20 F.3d 644 651 n.8 (5th Cir. 1994).
[35] Ex. D, Plaintiff's Demand, dated December 16, 2019.
[36] *Id* at pp. 22-23, 31.
[37] *Lee v. FAEC Holdings (LA), LLC,* No. 13-418-BAJ-RLB, 2014 U.S. Dist. LEXIS 97822, at *11-12 (M.D. La. Mar. 31, 2014) citing *Lilley v. Home Depot U.S.A., Inc.,* Civ. A. No. H-07-2117, 2007 U.S. Dist. LEXIS 58070, 2007 WL 2317173 (S.D. Tex. Aug. 9, 2007) (discovery response indicating back surgery triggered period of removability); *Fradella v. Wal-Mart Stores, Inc.,* No. Civ. A. 04-1230, 2004 U.S. Dist. LEXIS 20674, 2004 WL 2297474 (E.D. La. Oct. 13, 2004) (evidence that back injury would likely require surgery, along with medical costs and pain and suffering, sufficient to meet jurisdictional threshold); *Brown v. Richard,* No. Civ. A. 00-1982, 2000 U.S. Dist. LEXIS 16469, 2000 WL 1653835 (E.D. La. Nov. 2, 2000) (discovery responses indicated that physician recommended back surgery). *See also Robinson v. Kmart Corp.,* Civ. A. No. 11-12-RET-DLD, 2011 U.S. Dist. LEXIS 76007, 2011 WL 2790192 (M.D. La. April 28, 2011) (noting that with herniated discs, whether the amount in controversy is satisfied often turns on whether surgery is recommended).
[38] Ex. D at p. 1.

treatment of his injuries."³⁹ More specifically, the demand referenced the following medical treatment, procedures, and opinions from Plaintiff's medical care providers:

    a.    Evaluations, twelve sessions of physical therapy, and trigger point injections from Dr. Eduardo Gonzalez Olivares at a cost of **$4,141.72**.⁴⁰ According to the Dr. Gonzalez, Plaintiff sustained injuries in the accident at issue and was complaining of pain in the neck and lower back.⁴¹ Dr. Gonzalez also asserted that as a "result of his MVA on September 10, 2018, [Plaintiff suffered] a definitive disc herniation at C5-C6 and C6-C7 with impingement of the thecal sac and bulging discs at C3-C4, C4-C5, and C7-T1 condition that requires [he] be treated surgically with C5-C6 and C6-C7 by discectomy and anterior fusion . . ."⁴² In the lumbar spine he presents a definitive disc herniation . . .that requires [he] be treated surgically by a L3-L4 and L5-S1 laminectomy and discectomy. . ."⁴³

    b.    A cervical MRI that allegedly displayed protrusion-herniations at cervical spine discs C5-C6 and C6-7 impinging on the thecal sac.⁴⁴ Additionally, Plaintiff received a lumbar MRI that allegedly displayed protrusion-herniations at lumbar spine discs L3-L4 and L5-S1 impinging on nerve roots.⁴⁵ The two MRIs cost **$4,761.00**.⁴⁶

    c.    Evaluations and treatment provided by Dr. Juan Jose Cervantes Garcia, including two steroid injections at the L3-L4 space and surgery to Plaintiff's cervical and lumbar spine.⁴⁷ Dr. Cervantes Garcia recommended surgery and instrumentation on the C5-C6 space and a right hemi-semi-laminectomy and discectomy on the L5-S1 space.⁴⁸ On March 24, 2019, Plaintiff underwent a laminectomy of the L5-S1 space⁴⁹ and on June 27, 2019, Plaintiff underwent a discectomy and instrumentation of C5-C6.⁵⁰ Dr. Cervantes Garcia claims that both surgeries were "both reasonable and necessary and related to [Plaintiff's] accident of September 10, 2018."⁵¹ Counsel for Plaintiff produced billing records for Dr. Cervantes Garcia's treatment and the cost of the surgeries that appear to indicate a past medical treatment cost total of **$138,846**.⁵²

---

³⁹ *Id.* at p. 2.
⁴⁰ *Id.* at p. 51-54, 67-69, 85-87.
⁴¹ *Id.* at p. 54.
⁴² *Id.* at p. 68.
⁴³ *Id.*
⁴⁴ *Id.* at pp. 65-66.
⁴⁵ *Id.* at pp. 63-64.
⁴⁶ *Id.* at pp. 84.
⁴⁷ *Id.* at pp. 22-39, 49-50, 56-62, 71-78, and 80-83.
⁴⁸ *Id.* at pp. 38-39.
⁴⁹ *Id.* at pp. 34-35.
⁵⁰ *Id.* at p. 28-29.
⁵¹ *Id.* at pp. 74, 77.
⁵² *Id.* at . pp. 71-78, and 80-83.

     d.     EMGs performed by Dr. Cesar Duclair to Plaintiff's upper and lower extremities at a cost of **$6,000**.[53] The EMGs allegedly found evidence of radiculopathy at L5 and C6 according to Dr. DuClair.

     21.     According to Defendants' calculations, Plaintiff claims to have produced billing records for past medical treatment and past medical expenses of **$153,748.72**, which does not include charges for post-operative physical therapy office visits, x-rays and DME with an approximate cost of $5,000 and medications in the amount of $800 to $1,000 estimated by Dr. Cervantes Garcia.[54] Plaintiff's demand claimed that Plaintiff's past medical expenses total **$154,801.28**.[55] It is clear that Plaintiff claims past medical expenses alone that exceed $75,000 and establish the amount of controversy is over $75,000.

     22.     In Plaintiff's demand, counsel for Plaintiff asserted that in addition to Plaintiff's physical injuries, Plaintiff suffered from mental anguish over the severity of his injuries, lost wages of **$19,152.00** and future loss of wages and lost earnings capacity.[56] Plaintiff's counsel further asserted that Plaintiff's medical expenses "are expected to escalate as his medical treatment continues,"[57] implying that Plaintiff will suffer alleged future medical expenses. Consequently, in addition to Plaintiff's past medical expenses, which exceed $150,000, Plaintiff has demanded nearly $20,000 in past lost wages and amounts in lost earning capacity, future medical expenses, pain and suffering and impairment to be determined, presumably, by the factfinder. It is clear that the amount in controversy in this case exceeds $75,000 and federal jurisdiction is appropriate.

---

[53] *Id.* at pp. 40-50.
[54] *Id.* at p. 74.
[55] *Id.* at p. 2.
[56] *Id.*
[57] *Id.*

## VI.
## NONWAIVER

23. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without waiving the position that neither the state nor federal courts sitting in Texas may, consistent with due process, exercise personal jurisdiction over Defendants in this case, waiving Defendants' possible contention that venue should be transferred, or waving Defendants' potential assertion that the claims against Defendants should be dismissed based on forum non conveniens, or waive Defendants' position that the substantive law and procedural laws of Louisiana should apply to Plaintiff's claims against Defendants.

24. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a memorandum of law, evidence, and oral argument in support of the Notice and removal of this action.

WHEREFORE, DEFENDANTS Protected Cargo Transport, LLC and Michael Reed remove this action from the 293rd District Court of Maverick County, Texas to the Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

_____
Luis Rodriguez
State Bar No. 24013416
Attorney-in-Charge for Defendants, Michael J. Reed and
Protected Cargo Transport, LLC
P. O. Box 780
Corpus Christi, Texas 78403
Tel.: (361) 888-8041
FAX: (361) 888-8222
E-mail: lrodriguez@cottenschmidt.com

OF COUNSEL:
COTTEN SCHMIDT LLP

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this March 20, 2020.

*Via FAX: (830) 757-8327 and exhibits by Via U.S. CERTIFIED MAIL, RRR No.7017 2680 0001 1312 3576*
Antonio Gonzalez
GONZALEZ & ASSOCIATES, P.C.
269 N. Ceylon Street
Eagle Pass, TX   78852

_____
Luis Rodriguez